EDWARDS, C.J.,
dissents.
|,I dissent from the majority opinion reversing the judgment in the present ease. In my opinion, insofar as it determined that acknowledgement of a matrimonial agreement executed before the marriage must also be acknowledged as an act under private signature prior to the marriage, Ritz v. Ritz was incorrect. La. C.C. art. 2331 does not specify the time period in which an act under private signature must be acknowledged. In addition, La. C.C. art. 1836, in pertinent part, states:
An act under private signature is regarded prima facie as the true and genuine act of a party executing it when his signature has been acknowledged, and the act shall be admitted in evidence without further proof.
An act under private signature may be acknowledged by a party to that act by recognizing the signature as his own before a court, or before a notary public, or other officer authorized to perform that function, in the presence of two witnesses. An act under private signature may be acknowledged also in any other manner authorized by law.
There is nothing in either Louisiana Civil Code Article 2331 or Civil Code Article 1836 requiring that authentication must occur within a certain time, or before the marriage. La. C.C. art. 2331 does not specify the time period in which an act under private signature must be acknowledged. The general rules of authentication of private acts, La. C.C. arts. 1836 et seq., do not provide any express time period for acknowledgment. Our ruling in Ritz provided neither statutory nor jurisprudential authority for a determination that acknowledgment of a matrimonial agreement executed before the marriage must be acknowledged as |gan act under private signature prior to the marriage. Indeed, there is no such authority. Rather, the policy behind the requirement of acknowledgment of an act under private signature is, rather than cautionary (as with an authentic act), simply an evidentia-ry one, adding to the reliability of the *369 written agreement as to what was actually-executed by the parties.[1]
For these reasons, I respectfully dissent, and would have reversed Ritz v. Ritz en banc, affirming the judgment of the trial court.

. See, 16 La. Civ. L. Treatise Matrimonial Regimes § 8.7 (3 Ed.).